UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 2:05-CR-75 |
| V. ) | District Judge Greer |
| ) | Magistrate Judge Inman |
| MICHAEL CHARLES GUNTER ) | |

REPORT AND RECOMMENDATION

The defendant Gunter has filed a motion to dismiss the superceding indictment on the basis of Constitutional and procedural insufficiencies. [Doc. 316]. The motion has been referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the standing order of this court. A hearing was held on May 23, 2006.

Mr. Gunter alleges that the superceding indictment provides only a bare bones recitation of the statutory language, and fails to allege the essential facts giving rise to the charges. In this regard, he argues that the indictment fails to provide him with sufficient notice, fails to protect him against the dangers of double jeopardy, and fails to provide the court with enough facts to ascertain whether those facts are sufficient in law to support a conviction if there be such a conviction.

Further, defendant argues that the indictment fails to allege a specific interstate commerce element.

*Does the Indictment Sufficiently Advise Defendant of the Charges Against Him?*

The Sixth Amendment to the Constitution requires that an indictment apprise the defendant of the "nature and cause of the accusation." Similarly, Fed.R.Crim.P. 7(c)(1) mandates that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." An indictment must set out all the elements of the charged offense and must

give notice to the defendant of the charges lodged against him, and the indictment must be sufficiently specific to enable the defendant to plead his acquittal or conviction in bar of another prosecution for the same offense. See, *Russell v. U.S.*, 369 U.S. 749, 763 (1962). "An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *U.S. v. Anderson*, 1999 WL 503519 (Sixth Circuit, 1999). In addition to using the words of the statute itself to describe the offense, the indictment must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling v. U.S.* 418 U.S. 87, 117 (1974).

The superceding indictment in this case advises Mr. Gunter that he is charged with conspiring with Dewey Lynn Phillips, James Mark Thornton, and Michael Carl Vassar, and others as well, to distribute cocaine during a period of time sometime before 2004 until August 24, 2005, and that they did so in East Tennessee. The indictment also notifies Mr. Gunter that he possessed 500 grams or more of cocaine on April 17, 2005. These allegations give Mr. Gunter adequate notice of the charges against him. The indictment tracks the statutory language of the appropriate sections of the United States Code, and the indictment adequately alleges time, place, and circumstances. Should defendant be convicted or acquitted of either of the charges against him, he would be able to raise his conviction or acquittal in bar of a subsequent prosecution for the same offense. The indictment sufficiently apprises defendant of the charges against him; contrary to his suggestion, it has more than enough information within it to enable him to prepare his defense.

### *Failure to Allege a Nexus With Interstate Commerce as an Element of the Offense*

At the commencement of his argument on this motion, defendant's counsel advised the Court

2

Case 2:05-cr-00075-JRG   Document 347   Filed 05/23/06   Page 2 of 3   PageID #: 97

that he was not attacking the constitutionality of the statute itself, *viz.* 21 U.S.C. § 841. Rather, defendant argues that the indictment should have alleged a nexus or connection to interstate commerce as an element of the offenses charged. Defendant's argument is that drug activity can be both interstate and intrastate and, absent an allegation of interstate activity that is proven to the fact finder beyond a reasonable doubt, there is no way to determine if federal jurisdiction in fact exists. Defendant primarily relies upon *U.S. v. Morrison*, 529 U.S. 598, in which the Supreme Court invalidated the Violence Against Women Act, 42 U.S.C. § 13981.

This issue has been settled by the Sixth Circuit Court of Appeals:

> The defendants claim that the Supreme Court's decision in *U.S. v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626, 1995, prohibits Congress from extending the reach of its authority to drug crimes that occur solely intrastate. This view has been soundly rejected by this circuit as well as every other circuit to address the issue.

*U.S. v. Brown*, 276 Fd.3d 211, 214 (Sixth Circuit 2002).

There is no need to belabor this subject in light of *Brown*, supra. Suffice it to say, drug trafficking, even *local* drug trafficking, has a profound effect on interstate narcotics trafficking.

It is respectfully recommended that defendant's motion to dismiss the indictment be denied.

Respectfully submitted,

                                              s/ Dennis H. Inman
                                          United States Magistrate Judge