UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:05-CR-75 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| MICHAEL CHARLES GUNTER | ) | |

REPORT AND RECOMMENDATION/AND ORDER

The defendant Gunter has filed a motion in which he asks that the indictment against him be dismissed. He also moves that certain information in the grand jury transcripts be divulged to him. [Doc. 314].

The motion has been referred to the magistrate judge pursuant to 28 U.S.C. § 636 and the standing order of this court.

Single motions which concern both dispositive and non-dispositive issues present something of a problem for the magistrate judge and the district judge; a report and recommendation is reviewed under one standard by the district judge, and an order is reviewed under another standard. Thus, of a necessity, the magistrate judge must address defendant's motion by both a report and recommendation and order.

The basis of defendant's motion is that he was added as a defendant by a superseding indictment that was returned by the grand jury approximately five months after the date of the original indictment. He argues that a valid indictment cannot be returned if it is based upon a mere summary of the evidence previously heard by another grand jury and presented by an assistant United States attorney rather than by a sworn witness. Defendant's counsel does not assert that this occurred, and apparently he has no information from any source that it occurred. Thus, merely

because Mr. Gunter was added as a defendant in a superceding indictment that followed the original indictment by several months, defense counsel suggests that the Government attorneys *may* have made an improper summation of previous grand jury testimony to the grand jury which indicted Mr. Gunter, and therefore this Court should investigate.

Firstly, it is noted that it was the *same* grand jury which returned the original indictment and the superceding indictment. Thus, even if there was a "summary" of prior testimony by an assistant United States attorney, that summary necessarily would have been given to the same grand jury which heard the original testimony. Secondly, if defendant's theory be accepted by this Court, it follows that every time a defendant is added to a case by a superceding indictment, the court will be required to review the grand jury transcripts to exclude the possibility that there was an inappropriate summarization of the testimony presented to that grand jury. Stated another way, defendant's motion is a fishing expedition. If the superceding indictment had been returned by a different grand jury, defendant's motion would have slightly more substance to it.[1] But since it was and is the same grand jury, defendant's request should not be granted.

It is respectfully recommended to the district judge that defendant's motion to dismiss the indictment be denied.

It is also ORDERED that defendant's motion to compel discovery of the grand jury transcripts, or for *in camera* review of those transcripts, is DENIED.

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[1] But not much; it still would involve an *assumption* of a summarization, i.e., a fishing expedition.

2

Case 2:05-cr-00075-JRG   Document 348   Filed 05/23/06   Page 2 of 2   PageID #: 100